UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD D. KREBSBACH,

     Plaintiff

v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

Civil Action No. 12-12688

HON.  SEAN F. COX
U.S. District Judge
HON. R. STEVEN WHALEN
U.S. Magistrate Judge

## REPORT AND RECOMMENDATION

Plaintiff Edward D. Krebsbach ("Plaintiff") brings this action under 42 U.S.C. § 405(g),  challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act.  Both parties have filed summary judgment motions [Docket #14, 15] which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below,  I recommend that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's Motion for Summary Judgment be DENIED.

## PROCEDURAL HISTORY

On April 13, 2009, Plaintiff filed an application for DIB, alleging  disability as of August 25, 2007 (Tr.  101-104). After the initial denial of the claim, Plaintiff filed a request for an administrative hearing, held on August 31, 2010 in Falls Church, Virginia before Administrative Law Judge ("ALJ") Troy M. Patterson (Tr. 27).  Plaintiff, represented by attorney Thomas Plagens, testified by video conference  (Tr. 32-36), as did Vocational Expert ("VE") Michele Robb (Tr. 36).  On November 22, 2010, ALJ Patterson found

-1-

Plaintiff not disabled (Tr. 22-23). On May 23, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's determination (Tr. 1-3). Plaintiff filed for judicial review of the Commissioner's final decision in this Court on June 20, 2012.

## BACKGROUND FACTS

Plaintiff, born February 4, 1961, was 49 when the ALJ issued his decision (Tr. 23, 101). He completed more than four years of college and worked previously as a carpenter (Tr. 136, 139). His application for benefits alleges disability as a result of hepatitis C, depression, and knee and leg problems (Tr. 136).

### A. Plaintiff's Testimony

*Prior to Plaintiff's testimony, the ALJ noted that Plaintiff's date last insured ("DLI") for DIB was September 30, 2007* (Tr. 29).

Plaintiff testified that he stood 5' 10" and currently weighed 145 pounds (Tr. 32). He stated that he received a Bachelor's degree in marketing but worked for most of his adult life as a carpenter (Tr. 32). He alleged disability as of 2007 due to chronic fatigue, adding that chronic pain caused nighttime sleep disturbances (Tr. 33). He stated that he did not have current health insurance, but reported that he anticipated receiving coverage the day after the hearing (Tr. 33). He stated that fatigue required him to lie down "four to five times a week during the day for an hour or two" (Tr. 34). He indicated that neither stretching nor heating pads relieved his body pain (Tr. 34). He also reported right knee problems, alleging that his right knee gave out on occasion (Tr. 34). He denied concentrational problems when he was well rested (Tr. 34).

Plaintiff testified that his normal weight was 170 to 175 pounds, attributing his weight loss to hepatitis C (Tr. 35). He stated that he was depressed by his inability to work (Tr. 35).

### B.    Medical Evidence[1]

In April, 2009, Plaintiff sought treatment for weight loss and joint problems, reporting that he had not received medical treatment for the last 20 years (Tr. 168). Plaintiff stated that he had "been doing fine over the last two years" but noted weight loss beginning 12 to 18 months prior to the examination (Tr. 168). He also reported right knee pain (Tr. 168). He acknowledged intravenous drug use as a teenager (Tr. 168), adding that he had been diagnosed with hepatitis B in 1994 (Tr. 168). The same month, Plaintiff sought medical treatment for a fever and chills (Tr. 167). He indicated that he was a carpenter, but denied recent exposure to sick coworkers (Tr. 167). He stated that he smoked, but had tapered down to one to five cigarettes each day (Tr. 167). Ronald Hunt, M.D. acknowledged a diagnosis of hepatitis C but noted that Plaintiff was "well-appearing[] and talkative" (Tr. 167). Imaging studies of the chest were unremarkable (Tr. 171, 203). A physical examination from the following month indicated that Plaintiff reported "sleep problems," as well as elbow and knee pain (Tr. 194). He demonstrated a normal range of motion (Tr. 195).

In June, 2009, Muhammad Al-Midani, M.D. opined that Plaintiff could have contracted hepatitis C as early as 1984 (Tr. 177). Plaintiff denied abdominal pain, fevers, chills, or body aches (Tr. 177, 208). His weight was stable (Tr. 177). The same month, treating notes state that Plaintiff had a past medical history of arthritis, depression, and anxiety (Tr. 179, 206). Liver testing showed mild inflammation consistent with chronic hepatitis (Tr. 188). Treatment notes from the following month state that Plaintiff was asymptomatic (Tr. 192). Plaintiff presented Hossam Hafez, M.D. with disability forms, reporting that he was not working anymore due to joint problems (Tr. 192). Dr. Al-Midani's

---

[1]The transcript does not contain any medical records predating the September 30, 2007 expiration of benefits. Although not relevant to the present claim, I have included a discussion of the newer records for background purposes.

August, 2009 treating notes also state that Plaintiff denied fever, chills, or weight loss (Tr. 182).   Dr. Al-Midani's November, 2009 records likewise state that Plaintiff was asymptomatic except for occasional diarrhea (Tr. 184, 204). Plaintiff demonstrated a normal gait, range of motion, and equal strength in all extremities (Tr. 186).

### C.      Vocational Expert Testimony

VE Michele Robb classified Plaintiff's previous work as a carpenter as exertionally heavy and semiskilled[2] (Tr. 36).

### D.  The ALJ's Decision

The ALJ determined that prior to the DLI of September 30, 2007, Plaintiff experienced hepatitis C, but that the condition did not constitute a "severe" impairment at Step Two of the administrative inquiry (Tr. 21-22 citing 20 C.F.R. 404.1521 *et seq.*; SSR 85-28).

### STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence.  42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985).  Substantial evidence is more than a scintilla but less that a preponderance.  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S.

---

[2]

20 C.F.R. § 404.1567(a-d) defines *sedentary* work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools;  *light* work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds;" *medium* work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds;" and that exertionally *heavy*  work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.

389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,*  800 F.2d 535, 545 (6ᵗʰ Cir. 1986)(en banc).  In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6ᵗʰ Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6ᵗʰ Cir. 1989).

### FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §416.920(a).  The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five  to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

-5-

## ANALYSIS

### The ALJ's Finding of Non-Disability at Step Two

#### A. Basic Principles

"[T]he second stage severity inquiry, properly interpreted, serves the goal of administrative efficiency by allowing the Secretary to screen out totally groundless claims." *Farris v. Secretary of HHS,* 773 F.2d 85, 89 (6th Cir.1985). "To determine that a claimant has a severe impairment, the ALJ must find that an impairment or combination of impairments significantly limits the claimant's ability to do basic work activity." *Rogers v. Commissioner of Social Sec.,* 486 F.3d 234, 243, fn 2 (6th Cir. 2007); 20 C.F.R. § 416.920.

An impairment can be considered "not severe ... only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.'" *Farris*, 773 F.2d at 90 (citing *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984)).    A non-severe impairment is one which does not "significantly limit [the] physical or mental ability to do basic work activities."  20 CFR § 416.921(a)

Section 416.921(b) defines basic work activities as follows:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting.

#### B. The ALJ's Step Two Finding is Well-Supported

Plaintiff argues that the ALJ's credibility analysis contains procedural and substantive errors.  *Plaintiff's Brief* at 6-8.  Specifically, he faults the ALJ for failing to consider the

subjective allegations of limitation. *Id.* at 7.

The credibility determination, guided by SSR 96–7p, describes a two-step process for evaluating symptoms. *See Duncan v. Sec 'y of Health and Human Servs.,* 801 F.2d 847, 853 (6th Cir.1986). "First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment ... that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* Second, SSR 96–7p directs that whenever a claimant's allegations regarding "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must analyze the claims "based on a consideration of the entire case record." However, the analysis proceeds to the second prong only if a medically determinable impairment exists. *Rogers, supra,* 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a)).

Because ALJ Patterson correctly noted that the transcript contained "no objective medical evidence to substantiate the existence of medically determinable" impairments created prior to the DLI of September 30, 2007, he was not required to consider the second prong of the credibility analysis (Tr. 21). *Rogers, supra*, at 247. Nonetheless, the ALJ acknowledged Plaintiff's subjective allegations of "tiredness," "body pain," and "fatigue," but noted the absence of record evidence (medical or otherwise) to support these claims for the period under consideration.

Although the medical records found in the transcript postdate the expiration of benefits by at least 19 month, I have independently reviewed these records for evidence of disability or significant limitation before September 30, 2007. In doing so, I have also considered whether the lack of medical treatment during the relevant period was attributable to financial limitations rather than lack of symptomology. *See* SSR 96-7.

However, these records, which do not begin until April, 2009, undermine rather than support the claim for benefits.  As of April, 2009, Plaintiff demonstrated a normal range of motion (Tr. 195) and was "well-appearing" (Tr. 167).  Notably, he acknowledged that he had been doing well for the past two years aside from weight loss (Tr. 168).  By Plaintiff's own reckoning, he did not experience weight loss until after September, 2007 (Tr. 168).  Multiple treating records state that Plaintiff was asymptomatic as late as November, 2009 (Tr. 184).  While he reported knee and elbow pain in May, 2009, he  demonstrated normal strength in all extremities in November, 2009 (Tr. 186).  Aside from the lack of evidence to support the disability period for the relevant time frame, the ALJ's Step Two finding that hepatitis C did not create any workplace limitations prior to September 30, 2007 is supported by the post-expiration records.

In closing, the Court observes that Plaintiff's testimony suggests that his condition has worsened since 2009.  It is worth noting that he is not barred from applying for Supplemental Security Income for a later period provided that he meets the income requirements for eligibility.  Nonetheless, because the present record strongly supports the ALJ's findings, I recommend that the Commissioner's decision be upheld.

## CONCLUSION

For the reasons stated above, I recommend that Defendant's Motion for Summary Judgment be GRANTED and  that Plaintiff's Motion for Summary Judgment be DENIED.

Any objections to this  Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: May 20, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on May 20, 2012, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 20, 2012: **None**

s/Terri L. Hackman
Secretary to
Magistrate Judge R. Steven Whalen
(313) 234-5115