UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD D. KREBSBACH,

      Plaintiff,

v.                                                   Case No.: 12-cv-12688

                                                               Sean F. Cox
COMMISSIONER OF SOCIAL SECURITY,       District Court Judge

      Defendant.                               R. Steven Whalen
                                                                Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

      Before the Court is Plaintiff Edward D. Krebsbach's ("Krebsbach") Objection to Magistrate Judge R. Steven Whalen's Report and Recommendation, in this social security disability benefits case. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, the Court shall **ACCEPT** and **ADOPT** Magistrate Judge R. Steven Whalen's Report and Recommendation [Docket Entry No. 16].

**BACKGROUND**

      On or around April 2, 2009, Krebsbach filed an application for disability benefits, alleging disability, as a result of hepatitis C, joint pain, neck pain, wrist pain, low back pain, bilateral knee pain, depression and anxiety, as of August 25, 2007. (Docket Entry No. 7-2, at 20, 22.) After his claim was denied, Krebsbach filed a request for an administrative hearing, which was held on August 31, 2010, in Falls, Church, Virginia, before Administrative Law Judge Troy M. Patterson

("ALJ Patterson"). (*Id.* at 28.) In his opinion, ALJ Patterson held that, although [Krebsbach] experienced hepatitis C, that condition did not constitute a "severe impairment" pursuant to 20 C.F.R. §§ 416.920, 416.921. (*Id.* at 22–24.) On or around May 23, 2012, the Appeals Council denied his request for review. (Docket Entry No. 7-2.) On June 20, 2012, Krebsbach filed a Complaint, requesting review of the Commissioner's final decision. (Docket Entry No. 1.) The parties, thereafter, filed cross-motions for summary judgment, which this Court referred to Magistrate Judge Whalen for a report and recommendation. (Docket Entry No. 3, 14–15.) On May 20, 2013, Magistrate Judge Whalen filed his Report and Recommendation, recommending that this Court **GRANT** Defendant Commissioner of Social Security's Motion for Summary Judgment and **DENY** Krebsbach's Motion for Summary Judgment. (Docket Entry No. 16, at 1, 8.)

## STANDARD OF REVIEW

This Court has original jurisdiction to review the Commissioner's final administrative decision. 42 U.S.C. § 405(g). Judicial review is limited to affirming the Commissioner's conclusions unless the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). A reviewing court must consider the evidence in the record as a whole. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir.1994). Bubel must first establish the existence of a medically determinable physical or mental impairment that can be expected to result in death

or that has lasted or can be expected to last for a continuous period of not less than twelve months and that his impairments rendered him unable to engage in any substantial gainful employment. *Carpenter v. Comm'r of Soc. Sec.*, No. 08-10279, 2008 WL 4793424, at * 3–4 (E.D. Mich. 2008) (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), 20 C.F.R. § 416.905(a)). The regulations provide a five step test for claims of disability:

> First, plaintiff must demonstrate that [he or] she is not currently engaged in 'substantial gainful activity' at the time [he or] she seeks disability benefits. Second, plaintiff must show that [he or] she suffers from a 'severe impairment' in order to warrant a finding of disability. A 'severe impairment' is one which 'significantly limits ... physical or mental ability to do basic work activities.' Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent [him or] her from doing [his or] her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent [him or] her from doing [his or] her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1520, 416.920); *see also Carpenter v. Comm'r of Soc. Sec.*, No. 08-10279, 2008 WL 4793424, * 3–4 (E.D. Mich. 2008) (citing 20 C.F.R. §§ 404.1520, 416.920).

"If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## ANALYSIS

Krebsbach objects to Magistrate Judge Whalen's Report and Recommendation, asserting that "Magistrate Judge [Whalen] mistakenly believed that the ALJ . . . found that plaintiff failed to prove the first element of the two-part test [with regard to whether Krebsbach suffers from a severe impairment] . . . ." (Docket Entry No. 17, at 2.) The Commissioner did not file a response.

3

However, a complete and thorough reading of Magistrate Judge Whalen's Report and Recommendation, as well as the case record, indicates that this two-part test is satisfied and ALJ Patterson's findings remain the same.

"To determine that a claimant has a severe impairment, the ALJ must find that an impairment or combination of impairments significantly limits the claimant's ability to do basic work activity." *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 243, fn 2 (6th Cir. 2007) (citing 20 C.F.R. § 416.920). The credibility determination, guided by SSR 96–7p, describes a two-step process for evaluating symptoms. *See Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir.1986); SSR 96–7p. "First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment . . . that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* Second, SSR 96–7p directs that "whenever a claimant's allegations regarding 'the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence,' [the ALJ must analyze the credibility of claimant's testimony] . . . "based on a consideration of the entire case record." *Love v. Commissioner of Soc. Sec.*, No. 12-12315, 2013 WL 3224347, at * 6 (E.D. Mich. June 25, 2013) (citing SSR 96–7p).

ALJ Patterson recognized that Krebsbach has satisfied the first part of the test–Krebsbach was infected with a medically determinable impairment, i.e., hepatitis C. (Docket Entry No. 7-2, at 22–24.) However, the Court holds that Krebsbach failed to satisfy the second part of the "severe impairment" test. Any alleged error in the Report and Recommendation does not change the outcome of Magistrate Judge Whalen's finding (1) that Krebsbach has not produced objective medical evidence to substantiate a "severe impairment," and (2) Krebsbach's testimony is not

supported by the entire case record.  The Court recognizes that Magistrate Judge Whalen addresses the second part of the test in his Report and Recommendation, when he states the following:

> Although the medical records found in the transcript postdate the expiration of benefits by at least 19 month, I have independently reviewed these records for evidence of disability or significant limitation before September 30, 2007. In doing so, I have also considered whether the lack of medical treatment during the relevant period was attributable to financial limitations rather than lack of symptomology. *See* SSR 96-7.  However, these records, which do not begin until April, 2009, undermine rather than support the claim for benefits. As of April, 2009, Plaintiff demonstrated a normal range of motion (Tr. 195) and was "well-appearing" (Tr. 167). Notably, he acknowledged that he had been doing well for the past two years aside from weight loss (Tr. 168). By Plaintiff's own reckoning, he did not experience weight loss until after September, 2007 (Tr. 168). Multiple treating records state that Plaintiff was asymptomatic as late as November, 2009 (Tr. 184).  While he reported knee and elbow pain in May, 2009, he demonstrated normal strength in all extremities in November, 2009 (Tr. 186). Aside from the lack of evidence to support the disability period for the relevant time frame, the ALJ's Step Two finding that hepatitis C did not create any workplace limitations prior to September 30, 2007 is supported by the post-expiration records.

(Docket Entry No. 16, at 7–8.)

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **ADOPTS** and **ACCEPTS** Magistrate Judge Whalen's Report and Recommendation [Docket Entry No. 16].

**IT IS SO ORDERED**.

                                                 S/Sean F. Cox  
                                                 Sean F. Cox  
                                                 United States District Judge

Dated:  July 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2013, by electronic and/or ordinary mail.

                                                 S/Jennifer McCoy  
                                                 Case Manager